UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| PAMELA ANN MAJCHRZAK<br>      Plaintiff,<br>   v.<br><br>ANDREW M. SAUL,[1] Commissioner of<br> Social Security,<br><br>      Defendant. | **DECISION**<br>**and**<br>**ORDER**<br><br>**17-CV-06089F**<br>(**consent**) |

_____

APPEARANCES:    LAW OFFICES OF KENNETH R. HILLER, PLLC
            Attorneys for Plaintiff
            KENNETH HILLER, Esq.
            6000 North Bailey Avenue
            Suite 1A
            Amherst, New York 14226

            JAMES P. KENNEDY, JR.
            UNITED STATES ATTORNEY
            KATHRYN SMITH
            Special Assistant United States Attorney
            Attorney for Defendant
            100 State Street
            Rochester, New York 14614
                and
            LAURA RIDGELL BOLTZ
            Special Assistant United States Attorney, of Counsel
            Office of General Counsel
            Social Security Administration
            1961 Stout Street, Suite 4169
            Denver, Colorado 80294-4003
                and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

DENNIS CANNING  
Regional Chief Counsel, Region II  
Social Security Administration  
Office of General Counsel  
26 Federal Plaza  
Room 3904  
New York, New York 10278

## JURISDICTION

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 22), to proceed before the undersigned. (Dkt. No. 22-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on December 14, 2017 (Dkt. No. 14), and on April 12, 2018 by Defendant (Dkt. No. 19).

## BACKGROUND

Plaintiff Pamela Ann Majchrzak ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on August 12, 2013, for Social Security Insurance Benefits under Title II of the Act, and Supplemental Security Income under Title XVI of the Act ("SSI")("disability benefits"). Plaintiff alleges that she became disabled on May 3, 2013, when she stopped working as a result of being laid-off and impairments that include right-handed writing difficulty, left-sided paralysis and neuropathy, pain while walking, bilateral hand numbness, difficulty sleeping, bilateral

left hand and foot pain, anxiety, nervousness, panic attacks, and right-handed carpal tunnel syndrome. (R. 223).[2] Plaintiff's application was denied on November 13, 2013 (R. 91), and upon Plaintiff's timely request, on May 26, 2016 a hearing was held in Buffalo, New York, before administrative law judge John P. Costello ("the ALJ"). (R. 36-83). Appearing and testifying at the hearing were Plaintiff, with legal counsel Ida Comerford, Esq. ("Comerford"), and vocational expert Carol McManus ("the VE"). On August 26, 2016, the ALJ issued a decision denying Plaintiff's claim (R. 15-27) ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Comerford appointed to represent Plaintiff on her administrative appeal. On December 14, 2016, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On February 10, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1). On December 14, 2017, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 14) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 14-1) ("Plaintiff's Memorandum"). On April 12, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. No.19) ("Defendant's Motion"), attaching a Memorandum in Support and in Response to Plaintiff's Brief (Dkt. No. 19-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on May 24, 2018, Plaintiff's Response to the Defendant's Motion (Dkt. No. 21) ("Plaintiff's Reply"). Oral argument was deemed

---

[2] "R" references are to the page of the Administrative Record electronically filed on June 16, 2017 (Dkt. No. 8).

unnecessary. Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.  The Clerk of Court is directed to close the file.

## **FACTS**[3]

Plaintiff was born on February 7, 1986, graduated from high school and completed an online two-year criminal justice degree, worked most recently as a cashier at Lowe's, and alleges that she became disabled on May 3, 2013, when she was laid off and no longer able to work. (R. 55, 78).

## **DISCUSSION**

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## 2. Disability Determination

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

---

[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

In the instant case, the ALJ determined that Plaintiff did not engage in substantial gainful activity since May 3, 2013, the date of Plaintiff's application for disability, and has the severe impairments of left-sided paresthesia, carpal tunnel syndrome, major depressive disorder, panic disorder, bipolar disorder, and obesity, that Plaintiff's impairments or combination of impairments do not meet or medically equal the severity of any impairment in the Listings in Appendix 1, that Plaintiff retained the residual functional capacity to perform light work with limitations to performing low stress work defined as involving occasional changes in the work setting, occasional interaction with co-workers and the general public, with frequent fingering and handling and the ability to change position every half hour.  (R. 17-19).  The ALJ further concluded that Plaintiff is not able to perform Plaintiff's past relevant work as a cashier checker and stock clerk (R. 26), that the issue of transferable job skills is not material to a determination of disability because, using the Medical-Vocational Rules ('the Grids"), Plaintiff is capable of performing work existing in significant numbers in the national economy including the jobs of mail clerk and marker and, as such, is not disabled as defined under the Act.  (R. 26-27)

Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step analysis, but argues that at step four, the ALJ's residual functional capacity assessment of Plaintiff is without support of substantial evidence as the ALJ violated the treating physician rule by improperly evaluating the opinions of Plaintiff's treating physicians Yu-Ying Lin, Ph.D., ("Dr. Lin"), Julie Yoon, M.D. ("Dr.

Yoon"), Kawitha Unni Finnity,[6] Ph.D., ("Dr. Finnity"), and R. Nobel, M.D. ("Dr. Nobel"). Plaintiff's Memorandum at 12-28.

Treating physician opinions are not determinative and granted controlling weight only when not inconsistent with other controlling evidence, 20 C.F.R. § 404.1527(d); *Meyers v. Astrue,* 681 F.Supp. 2d 388, 405 (W.D.N.Y.) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)), and the treating physician rule requires the court consider four factors in determining whether an ALJ correctly refused to grant a treating physician's opinion controlling weight that include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Clark v. Commissioner of Social Security*, 143 F.3d 115, 118 (2d Cir. 1998). In this case, the ALJ's determination to afford little weight to the findings of Drs. Lin, Finnity, King, and Yoon is supported by substantial evidence in the record.

Specifically, Plaintiff contends that the ALJ erred providing no opinion regarding Dr. Lin's consultative finding that Plaintiff was markedly limited in her ability to appropriately deal with stress and maintain attention and concentration. Plaintiff's Memorandum at 12-13. Defendant maintains that the ALJ included consideration of Dr. Lin's finding that Plaintiff was limited in maintaining a regular schedule (R. 12, 13), and that such finding was inconsistent with substantial evidence in the record. Defendant's Memorandum at 20. Plaintiff's motion on this issue is without merit because a plain reading of the record establishes that the ALJ noted the findings of Dr. Lin, specifically,

---

[6] Plaintiff's Memorandum incorrectly identifies Dr. Finnity as "Dr. Finnerty."

Dr. Lin's finding that Plaintiff was markedly limited in her ability to maintain a regular schedule and deal with stress and included a limitation to low stress work in the ALJ's residual functional capacity assessment of Plaintiff. (R. 22-23). Plaintiff's motion on this issue is therefore without merit.

Plaintiff further alleges that the ALJ erred by affording little weight to the findings of Dr. Finnity's mental examinations of Plaintiff. Plaintiff's Memorandum at 15. In particular, Plaintiff alleges that the ALJ failed to consider Dr. Finnity's finding that Plaintiff's impairments would impede Plaintiff's ability to work 10 to 25 percent of the time, and that the ALJ improperly relied on Plaintiff's normal Global Assessment of Functioning ("GAF") scores. Plaintiff's Memorandum at 12-19. Defendant maintains that the weight the ALJ afforded to Dr. Finnity's findings is supported by substantial evidence, as Dr. Finnity's finding that Plaintiff's mental limitations would preclude her ability to perform work 10 to 25 percent of the time is inconsistent with the definition of work used by the Social Security Administration and Dr. Finnity's own treatment notes. Defendant's Memorandum at 17-19. Defendant further alleges that the ALJ did not improperly rely on Plaintiff's GAF scores, but rather, used Plaintiff's GAF scores to demonstrate such scores' inconsistency with Dr. Finnity's opinion on Plaintiff's ability to work. Defendant's Memorandum at 18. Plaintiff's motion on this issue is without merit. The only evidence relevant to the period between August 27, 2013 and June 26, 2015, during which Dr. Finnity provided psychotherapy treatment (R. 437-46) to Plaintiff, consists of Plaintiff's self-reporting of a sad and anxious mood on four occasions (R. 442-43, 446). Such findings are inconsistent with Dr. Finnity's opinion (R. 390), that Plaintiff's impairments would preclude her from work 10 to 25 percent of the time. In

9

particular, Dr. Finnity's opinion does not explain how these self-reported infrequent episodes of sad or anxious mood would preclude Plaintiff from working 10 to 25 percent of the time. The ALJ's determination to afford little weight to such opinion is therefore supported by substantial evidence.

The ALJ also properly relied on Plaintiff's GAF scores of 55 (R. 402) and 65 (R. 398), to support that Plaintiff retained a normal ability to function, comparing Plaintiff's scores with other evidence which show inconsistencies with Dr. Finnity's opinion. (R. 22-25). *See Garcia v. Colvin,* 2015 WL 1280620, at *7 (W.D.N.Y. Mar. 30, 2015) (ALJ may consider GAF scores among other information in evaluating treating source opinions). Plaintiff's motion on this issue is therefore DENIED.

Plaintiff's further contention that the ALJ erred by not providing reasons for rejecting Dr. Yoon's opinion (R. 429), that Plaintiff's pain and other symptoms would interfere with Plaintiff's attention and concentration, and that Plaintiff was incapable of low stress jobs, Plaintiff's Memorandum at 14, is also without merit. Defendant maintains that Dr. Yoon is not a "treating physician" under the Act, as Dr. Yoon's two examinations of Plaintiff alleviates the ALJ's burden to evaluate Dr. Yoon's opinion in accordance with the treating physician rule. Defendant's Memorandum at 26. In this case, the ALJ "g[ave] some weight to Dr. Yoon's conclusion that [Plaintiff] was limited to occasionally lifting twenty pounds because it [wa]s consistent with the overall medical evidence of record. . . [and that] the record contains no diagnosis to explain [Plaintiff's] lower back pain except perhaps the contributing effects of [Plaintiff's] obesity . . . there is no objective evidence to support a limit of standing only five minutes at a time . . . [and] Plaintiff sat for much longer than ten minutes at the hearing." (R. 25). Such explanation

provides the court with sufficient basis upon which to find the ALJ afforded proper weight to the finding of Dr. Yoon regardless of whether Dr. Yoon is Plaintiff's treating physician.  *See Petrie v. Astrue*, 412 Fed. App'x. 401, 407, 405 (2d Cir. 2011) (no error where court is able to glean the rationale of the ALJ's decision - ALJ not required to give controlling weight to physician who examined claimant only once or twice and such opinion is contradicted by other evidence in the record).  Plaintiff's motion on this issue is therefore DENIED.

Plaintiff next contends that the ALJ erred in not adopting Dr. Nobel's non-examination consultative finding that Plaintiff was limited to simple work.  Plaintiff's Memorandum at 20.  Defendant maintains that the ALJ's finding that Plaintiff has the residual functional capacity to perform light work and the VE's testimony that Plaintiff was capable of performing the jobs of mailroom clerk and marker, such jobs that include a Specific Vocational Preparation ("SVP") level of two, equate to simple work.  Defendant's Memorandum at 21. Because, as discussed, Discussion, *supra*, at 7-10, the ALJ's residual functional capacity assessment of Plaintiff is supported by substantial evidence, it logically follows that the VE's testimony that Plaintiff was able to perform the jobs of mailroom clerk and marker based on such residual functional capacity assessment is therefore also supported by substantial evidence.  *See Irvine v. Berryhill,* 2019 WL 275684, at *5 (W.D.N.Y. Jan. 22, 2019) (no error where VE testimony is based on residual functional capacity supported by substantial evidence).  Plaintiff's motion on this issue is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 14) is DENIED; Defendant's Motion (Dkt. No. 19) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

                                         */s/ Leslie G. Foschio*
                                         LESLIE G. FOSCHIO
                            UNITED STATES MAGISTRATE JUDGE

DATED:     June 24, 2019
               Buffalo, New York